01

02

03

04

05

06                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
07                              AT SEATTLE

08  BURNIS HERRING,                    )   CASE NO. C09-1637-JLR
                                       )
09          Petitioner,                )
                                       )
10      v.                             )   REPORT AND RECOMMENDATION
                                       )
11  WASHINGTON STATE PENITENTIARY,     )
    et al.,                            )
12                                     )
            Respondents.               )
13  _____  )

14          Petitioner Burnis Herring, proceeding *pro se* and *in forma pauperis*, filed a 28 U.S.C. §

15  2254 habeas corpus petition. (Dkt. 1-2.)   On December 8, 2009, the Court declined to serve his

16  petition because Mr. Herring sought to amend his original petition and also because he had not

17  named a proper respondent. (Dkt. 11, at 1-2.)   The Court did, however, grant Mr. Herring leave

18  to amend his petition within thirty days, noting that the amended petition would serve as a

19  complete substitution for the original petition and that failure to file an amended petition could

20  lead to a recommendation of dismissal. (*Id.* at 2.)   On January 29, 2010, the Court ordered him

21  to show cause within thirty days why his habeas petition should not be dismissed for failure to

22  file an amended petition by the deadline to do so. (Dkt. 12, at 1-2.)   Mr. Herring has filed no

REPORT AND RECOMMENDATION
PAGE -1

01   response to the order to show cause.

02         The Court recommends DISMISSING the habeas petition without prejudice for Mr.

03   Herring's failure to comply with two court orders (Dkts. 11, 12) and his failure to prosecute.

04   In determining whether to dismiss a claim for failure to comply with a court order or for failure

05   to prosecute, the Court weighs the following factors: (1) the public's interest in expeditious

06   resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

07   respondents; 94) the availability of less drastic alternatives; and (5) the public policy favoring

08   disposition of cases on their merits.   *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

09   1992).   All five factors weigh in favor if dismissal without prejudice.

10         The Court afforded Mr. Herring two opportunities and more than 60 days to amend his

11   habeas petition, which he himself sought to do. (*See* Dkt. 7.)   He has failed to respond in any

12   way.   In addition, Mr. Herring's failure to name his custodian as respondent deprives this

13   Court of personal jurisdiction.   *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir.

14   1994) (order).   Thus, (1) the public's interest in expeditious resolution of litigation favors

15   dismissal; (2) the Court's need to manage its docket favors dismissal; (3) the risk of prejudice to

16   respondents favors dismissal because improper respondents have been named; (4) there is no

17   less drastic alternative to dismissal without prejudice because there are no assurances that Mr.

18   Herring will respond to additional court orders; and (5) the public policy favoring disposition of

19   cases on the merits indicates that a habeas petition should proceed only against proper

20   respondents.   If, however, Mr. Herring chooses to file an amended complaint in lieu of

21   objections to this Report and Recommendation, the Court would recommend referral back to

22   the undersigned judge so that this case may proceed on the merits.

REPORT AND RECOMMENDATION
PAGE -2

01        If the district court adopts the report and recommendation, it must determine whether a

02    certificate of appealability ("COA") should issue.   Rule 11(a), Rules Governing Section 2254

03    Cases in the United States District Courts.   A COA may be issued only where a petitioner has

04    made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3).

05    A petitioner satisfies this standard "by demonstrating tha jurists of reason could disagree with

06    the district court's resolution of his constitutional claims or that jurists could conclude the

07    issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

08    *Cockrell*, 537 U.S. 322, 327 (2003).   Under this standard, Mr. Herring should be denied a COA

09    because no reasonable jurist could disagree with dismissing a case without prejudice where

10    petitioner fails to respond in any way to court directives aimed toward ensuring that all of

11    petitioner's claims are considered and that a proper respondent is named.

12        The Court recommends dismissing Mr. Herring's habeas petition without prejudice for

13    failure to comply with two court orders and for failure to prosecute.   The Court also

14    recommends denying a certificate of appealability.   The Clerk is directed to send copies of this

15    Order to petitioner and to the Honorable James L. Robart.

16        DATED this 11th day of March, 2010.

17

18                          Mary Alice Theiler
                             United States Magistrate Judge

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -3